Rex Brugh, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 71304.   Promulgated July 9, 1935.

*F. M. Livezey, Esq.,* and *W. O. Dickey, C. P. A.,* for the petitioner.
*Stanley B. Pierson, Esq.,* and *P. M. Clark, Esq.,* for the respondent.

900

OPINION.

SEAWELL: The controversy here present concerns only profits realized by petitioner in the dissolution of the Beckett-Brugh Furniture Co. The parties are not in disagreement that petitioner received income by that transaction. The dispute arises only as to the year when the income was received. Respondent's deficiency notice, following petitioner's income tax return, and agreeing with it as to the year, places the income in the year 1930. Petitioner admits the correctness of the year shown in his return, but claims that in filing the return he was in error as to the time of the corporation's dissolution; that about November 19, 1929, in carrying out the stockholders' resolution for dissolution the corporation conveyed to him all the merchandise, accounts, and other property of the corporation at Williamson, West Virginia, and at the same time conveyed to the other stockholder, Denver Beckett, the store and lots at Logan, West Virginia, and the appurtenant personalty; that this constituted all the assets of the corporation and after the transfers it was without assets and ceased to do business and was dissolved.

There are other factors, however, which seem requisite in determining the year in which the income was received. Petitioner was secretary-treasurer of the Furniture Co. at the time when its income tax return for 1929 was filed. That return indicates that in ascertaining gross income of the Furniture Co. for the year an inventory at the beginning of the year and another at the end of the year were used. In addition, attached to the return as a part of it, there was a list of bad debts charged off by the corporation on December 31, 1929. If the corporation was dissolved and its assets distributed to the stockholders in November, as now contended, it would have had no inventory embracing the month of December, and it would have had no bad debts to charge off at December 31, 1929.

902

The law of West Virginia provides for the voluntary dissolution of corporations of that state by section 56 of chapter 53 of its code. The dissolution of the Furniture Co. was undertaken under that law, which further provides that the holders of a majority of the capital stock may resolve to discontinue business, and, after giving notice of such resolution by advertisement in some newspaper of general circulation published near the corporation's principal place of business once a week for four successive weeks, at least, "before any dividend of the capital shall be made", may "divide the property and assets that may remain after paying all debts and liabilities of the corporation"; and the "corporation shall * * * before such dissolution becomes effective, pay into the state treasury the amount it may owe to the State for license tax on its charter, including the penalties * * *." The resolution of the stockholders (set out in our findings of fact) followed this law by providing for the advertisement required by the statute and certification thereof by the Furniture Co.'s president to the Secretary of State of West Virginia and the payment of all the debts and liabilities of the corporation and the division of the remainder of the assets among the stockholders, particularly providing, in conformity to the statute, "but no such payment shall be made to any stockholders until after the publication of the notice hereinafter provided."

Before complying with the resolution for dissolution and the law applicable by advertising in a newspaper and paying the debts of the corporation, petitioner and the other stockholder of the Furniture Co. had the deed and bills of sale between them executed. The Secretary of State certified to the compliance with the law and the dissolution of the corporation on January 4, 1930. Between November 19, 1929, the date of the instruments, and January 1, 1930, the four weeks' advertisement might have been made, but it is not shown to have been done before January 4, 1930. On the Furniture Co.'s income tax return for 1929 more than $20,000 of notes and bills payable at December 31, 1929, are shown. In the West Virginia Code provision is made for a suit in chancery by any creditor and the appointment of a receiver to take over and administer the assets of a corporation in voluntary liquidation before satisfying such creditor. Cf. *Law* v. *Rich*, 47 W. Va. 634; 35 S. E. 858. From the foregoing it would seem that the deed and bills of sale executed November 19, 1929, were premature, or simply made to take effect according to the law when the prerequisites were complied with. Moreover, petitioner made out his personal income tax return for 1929, and filed it March 11, 1930, when all these matters were presumably fresh in his mind, and no mention was made of

income from the dissolution of the corporation, or that there had been a dissolution. Looking at this contemporaneous action of the petitioner, we are drawn to the conclusion that on March 11, 1930, he considered the execution of the deed and bills of sale of November 19, 1929, effective only after the commencement of the year 1930, and filed his return accordingly. His judgment was untrammeled and he then knew whether the prerequisites under the law entitling the stockholders to a distribution of assets had been complied with. No evidence was offered at the hearing to show that his judgment was not correct, although he was a witness in his own behalf. In effect, we are asked to presume that petitioner and the other stockholder acted not within the requirements of the law applicable to the voluntary dissolution of corporations in West Virginia and so to reach the conclusion that the presumption favoring the determination of respondent has been overcome. This would do violence to a well recognized rule of law that all persons are presumed to obey the law. We conclude that petitioner received the income in 1930.

Having reached this conclusion, it is not necessary for us to pass on the plea of estoppel raised in the pleading.

We conclude, therefore, that respondent committed no error in his determination, and his action is affirmed.

Reviewed by the Board.

*Judgment will be entered for the respondent.*